children of the marriage. When the wife died in 1969, a determination had to be made with respect to the distribution of the principal. The three children are represented by one who is still alive, Marian Snowden Brotherton, three natural children of the late Janet Snowden Gill, and two adopted children, appellants, of the late James H. Snowden, Jr. If the adopted children are considered "issue", the trust fund will be divided in three parts, and if not, it will be divided in two parts, eliminating that portion that comes through the late James H. Snowden, Jr. When the public policy of legal equality between natural children and adopted children was embodied in the Domestic Relations Law, a provision was included with respect to instruments dependent on the "foster parent dying without heirs" so that an adopted child could not be "deemed the child of the foster parents so as to defeat the rights of the remaindermen." This latter provision was eliminated by amendment in 1964, but applies in the instant case. (See prior Domestic Relations Law, § 117 [§ 115 prior thereto]; *Matter of Rockefeller (Hubbard)* 12 N Y 2d 124.) The sole purpose, obviously, of the provision with respect to cutting off rights of remaindermen, was so that the intent of a testator or other creator of a fund with respect to inheritance by an actual member of the bloodline, could not be deliberately defeated. It takes no clap of thunder from Mount Olympus to conclude that in the instant case there are many reasons why these adopted children should not be excluded. Applying the interpretation in *Matter of Park* (15 N Y 2d 413) where an adopted child was permitted to take on equal terms with a natural child by virtue of the interpretation that the foster parent did not "die without heirs" because he had a natural child, it can be seen here that there are two other natural bloodlines present. Further, the rights of remaindermen are not defeated, but merely kept to their proper share. But, above and beyond such technical analysis, is the obvious answer on the question of intent in the trust agreement. A general power of appointment by will was given to each child. If the intent was to stay within the bloodline, it was inherently frustrated by such a direction. Further, there was a provision that if there had been no issue of the child living, it would go to the "next of kin then living". It becomes easily apparent that bloodline was indeed remote from any possible intention of the creator of the trust. The judgment should be reversed and the adopted children granted the share that the adopting father would have received had he survived his mother.

■　THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. LESLIE STANLEY, Appellant.— Judgment, Supreme Court, New York County rendered on December 21, 1970, unanimously affirmed. No opinion. Concur — Markewich, J. P., Nunez, Kupferman, Steuer and Tilzer, JJ.

■　THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. LESLIE STANLEY, Appellant.— Motion to relieve counsel denied in all respects, without prejudice to an application for reargument of the appeal if so advised. This application, received by the court after determination of the appeal, is for the relief of counsel and for permission to submit a brief by the Inmate Defense League — apparently an informal group of prisoners in the same institution in which the defendant is confined. The presentation by the assigned counsel was, in our opinion, entirely adequate, and no basis has been shown for the relief requested. However, if the defendant feels that additional points should be submitted, he may, if so advised, apply for reargument. Concur — Markewich, J. P., Nunez, Kupferman, Steuer and Tilzer, JJ.

■　In the Matter of C. JAMES LOMBARDI, JR., Petitioner, v. ISIDORE DOLLINGER et al., Respondents.— Application pursuant to article 78 of the CPLR in the nature of a writ of prohibition unanimously denied and the petition dis-